UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARTIN A. SCHIAFFINO,

          Plaintiff,

    v.

NANCY A. BERRYHILL, Deputy
Commissioner of Social Security for Operations,

          Defendant.

Case No. C17-5541 RSM

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

    Plaintiff, Martin A. Schiaffino, seeks review of the Commissioner's denial of his application for Disability Insurance Benefits. Plaintiff contends the Commissioner erred in evaluating the medical evidence and his testimony. Dkt. 9. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

    Plaintiff is currently 53 years old, has a least at high school education, served in the military, and has worked as a salesperson, sales manager, loan officer, and collections agent. Tr. 25, 31. On June 12, 2015, the Department of Veterans Affairs (VA) determined that plaintiff was unemployable due to disability. Tr. 390. On June 24, 2015, plaintiff applied for Social Security disability benefits, alleging disability as of March 11, 2015. Tr. 18. His application

was denied initially and on reconsideration. Tr. 84, 95. After the ALJ conducted a hearing on May 11, 2016, the ALJ issued a decision finding plaintiff not disabled for purposes of Social Security. Tr. 18-33.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since March 11, 2015, the alleged onset date.

**Step two:** Plaintiff has the following severe impairments: posttraumatic stress disorder (PTSD), obsessive compulsive disorder, depression, and a personality disorder.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform work at all exertional levels. He can perform simple and detailed tasks, but will occasionally have difficulty performing complex tasks. He should have no contact with the general public and should not perform sales or customer service work. He can work in proximity to coworkers and have occasional interactions, but should not perform teamwork. He would work better in a solitary setting. He should have only occasional changes in the work setting.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, plaintiff is not disabled.

Tr. 20-33. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.[3]

## DISCUSSION

This Court may set aside the Commissioner's denial of social security benefits only if the

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 2

ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

Plaintiff contends the ALJ erred by discounting his testimony, the medical opinion of Loreli Thompson, Ph.D., and the VA's determination that plaintiff was unemployable due to disability. Dkt. 9 at 19. Plaintiff further argues that notes from his treating doctors at the VA are consistent with each of these pieces of evidence, implying that this evidence, taken together, should be given more weight than the ALJ gave it. Dkt. 9 at 4. However, while the Court considers the record as a whole in reviewing each claim of error, the Court does not reweigh the evidence. *See Thomas*, 278 F.3d at 954.

**A.    Plaintiff's Testimony**

If, as here, the claimant has presented objective medical evidence of an impairment that could reasonably be expected to produce the pain or other symptoms alleged, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'"

*Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). In evaluating the ALJ's determination at this step, a court may not substitute its judgment for that of the ALJ. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). As long as the ALJ's decision is supported by substantial evidence, it should stand, even if some of the ALJ's reasons for discrediting a claimant's testimony fail. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (ALJ's decision to discredit the claimant's testimony should be upheld if the ALJ provided valid reasons supported by the record even if the ALJ also provided one or more invalid reasons).

Plaintiff reported he was unable to work due to irritability, frustration, OCD, PTSD, and hypervigilance, which led to verbal and physical aggression. Tr. 231. Plaintiff testified that he cannot finish a project due to distractibility, he communicates poorly, and he does not get along well with people other than his wife and stepchildren. Tr. 48, 67. He sleeps poorly and is "up and down all night." Tr. 52. He washes his hands 20-30 times a day and constantly cleans and re-cleans things. Tr. 65. The ALJ discounted plaintiff's testimony on the grounds that the minimal treatment he received and the fairly minimal objective medical findings "strongly suggest that his symptoms are well controlled with medication management." Tr. 26. The ALJ also discounted plaintiff's testimony because of inconsistent statements, and because his allegations were contradicted by his daily activities. Tr. 27-28.

The ALJ provided at least two clear and convincing reasons to discount plaintiff's testimony: that his conditions were effectively managed with medication, and that his activities contradicted his testimony.

"Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility" for Social Security disability benefits. *Warre v. Comm'r of*

*Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *see also Odle v. Heckler*, 707 F.2d 439 (9th Cir. 1983); 20 C.F.R. § 404.1529(c)(3) (in evaluating how symptoms affect a claimant's ability to work, an ALJ considers the "effectiveness … of any medication" the claimant takes to alleviate symptoms). In one example the ALJ cited, plaintiff reported to his treatment provider in January 2015 that all of his new medications were "working good at prescribed strength." Tr. 342; *see* Tr. 26. April 2015 treatment notes reflect that plaintiff was "doing significantly better in terms of irritability" and "finding topamax very helpful for anxiety [and] irritability…." Tr. 333. With medication and taking breaks, plaintiff was able to handle a multi-day family trip to Disneyland. Tr. 339 ("had to take time out to get away from crowds, did a nice job of identifying when he needed more space"); Tr. 64 (took propranolol for flight). Treatment also improved plaintiff's sleep. *See* Tr. 339 ("sleeping more deeply and more hours"); 333 ("sleeping 6-8 hr/night, some interruptions"). Plaintiff himself expressed the opinion to a treatment provider in May 2014 that his condition was "manageable so far with medication." Tr. 361. Substantial evidence supports the ALJ's finding that plaintiff's conditions were controlled effectively.

  Daily activities can form the basis for discrediting a claimant's testimony if they contradict the testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). At least one of the activities the ALJ cited contradicted plaintiff's testimony. Plaintiff flew to Disneyland with his family for a seven-day trip, demonstrating that he is able to handle large crowds of people with the assistance of medication. Tr. 63-64. This contradicts his allegations of disabling levels of verbal and physical aggression. Other activities the ALJ cited, however, were either not supported by substantial evidence or did not contradict plaintiff's testimony. *See* Tr. 28. There is no evidence that plaintiff was "involved in caring for his ill mother" or "his stepson's legal

issues." Tr. 28; *see* Tr. 602 ("Mother has end stage renal disease"), 626 (describing his stepson's court issue as a "stressor"). Shooting and spending time alone in the woods, and caring for his dogs, do not contradict plaintiff's testimony. *See* Tr. 28. However, inclusion of erroneous reasons was harmless error. *See Molina*, 674 F.3d at 1115.

In evaluating a claimant's symptom testimony, an ALJ may consider "prior inconsistent statements concerning the symptoms…." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Several of the inconsistencies that the ALJ cited here, however, were not supported by substantial evidence. For example, the ALJ stated that plaintiff gave "different reasons for ending his last job" but listed only one: plaintiff was terminated because he offended a customer. Tr. 28. The Court need not address each example, because the ALJ provided other clear and convincing reasons to discount plaintiff's testimony as discussed above. Whether some or all of the inconsistencies cited by the ALJ were in error, the inclusion of erroneous reasons was harmless. *See Molina*, 674 F.3d at 1115.

The Court concludes that the ALJ did not err by discounting plaintiff's testimony.

**B.     Medical Evidence**

The ALJ is responsible for resolving any conflicts or ambiguities in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, the ALJ's conclusion must be upheld as long as it is supported by substantial evidence. *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

**1.     VA Unemployability Determination**

The Ninth Circuit has held that in a Social Security disability case, "an ALJ must

ordinarily give great weight to a VA determination of disability" because of the "marked similarity between these two federal disability programs." *McCartney v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). "Because the VA and SSA criteria for determining disability are not identical, however, the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.*

The Department of Veterans Affairs (VA) granted plaintiff entitlement to "individual unemployability" based on his PTSD and OCD symptoms. Tr. 391-92. The ALJ gave "little weight" to the VA determinations for two reasons.

First, the ALJ noted that VA regulations, unlike Social Security regulations, resolve reasonable doubt in a claimant's favor. Tr. 29 (citing 38 C.F.R. § 4.3). Plaintiff argues that Social Security regulations requiring an ALJ's decision to be based on the "preponderance of the evidence" are similar. 20 C.F.R. § 404.953(a); *see* Dkt. 9 at 5. A preponderance, however, is more than half, while a reasonable doubt under VA regulations reflects "an approximate balance of positive and negative evidence which does not satisfactorily prove or disprove the claim." 38 C.F.R. § 3.102. Thus, where the evidence is evenly balanced, the VA would resolve the issue in favor of the claimant, while a Social Security ALJ would determine that the claimant had not met her burden of proof. It is not enough, however, to cite a difference that is true in every case. The ALJ must state why the regulatory difference matters in this case. The ALJ did not suggest that the VA determination came down to an issue of reasonable doubt or provide any other analysis for why this difference in evidentiary burdens was relevant in this case. Thus, this reason fails.

Second, the ALJ stated that she "independently weighed the evidence, including the evidence from the VA doctors, and came to a different conclusion than the VA doctors [did]." Tr. 29. If an ALJ properly rejects medical opinions underlying a VA disability determination,

that is a persuasive, specific, valid reason to discount the VA determination. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) (affirming ALJ's rejection of a claimant's VA rating because the VA rating rested on medical opinions that were properly rejected by the ALJ). Here, the VA determination does not expressly identify a medical opinion on which it relied. The notification letter sent to plaintiff states that the determination is based on (1) a "VA exam" that noted "irritable behavior and angry outbursts [of] verbal or physical aggression" and (2) May 19, 2015, treatment notes that showed "significant symptoms/issues of irritable, tense, frustrated, with OCD symptoms." Tr. 392. The VA exam does not appear to be part of the record before the ALJ. *See* Dkt. 9 at 4. The May 19, 2015 treatment notes were in the record, however. *See* Tr. 327-30. The ALJ specifically addressed the notes, summarizing them as follows:

> [T]he claimant reported he was working on running every other day. He said he was doing well with his wife, but had conflict with one of his sons. He had a tidy appearance and a tense mood and affect. He had minimal eye contact, but appeared less frustrated. Dr. Johnston said his speech was normal, his insight and judgment were not impaired, and he had full orientation and cognition….

Tr. 27 (citing Tr. 327-28). The ALJ also considered the rest of the evidence from VA doctors in the record. Tr. 29. Because the VA treatment notes are not opinions, the ALJ did not expressly accept or reject them. However, the same principle in *Valentine* applies here. The VA determination relied in part on medical records that the ALJ considered and reasonably concluded did not support a finding of disability for purposes of Social Security. This was a "persuasive, specific, valid" reason to give less weight to the VA disability determination. *See McCartney*, 298 F.3d at 1076. The Court concludes the ALJ did not err by giving little weight to the VA determination.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 8

### 2. Loreli Thompson, Ph.D.

An ALJ may only reject the uncontradicted opinion of an examining doctor for "clear and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 675. Even if contradicted by another doctor's opinion, the opinion of an examining doctor may only be rejected for "specific and legitimate" reasons supported by substantial evidence in the record. *Id.*

Plaintiff contends that Dr. Thompson's opinion is "uncontradicted" because it is only contradicted by nonexamining doctors and thus can only be rejected for clear and convincing reasons. Dkt. 9 at 6. Plaintiff relies on case law stating that the "'opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of … an examining physician….'" *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) (quoting *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995); *see* Dkt. 12 at 3-4. But plaintiff is conflating two separate steps: First, the Court determines whether the opinion is contradicted by "another doctor's opinion," including a nonexamining doctor's opinion. *Trevizo*, 871 F.3d at 675, 676 (where treating physician's opinion was contradicted by nonexamining physician's opinion, "specific and legitimate" standard was applied). Because Dr. Thompson's opinion was contradicted by the nonexamining doctors' opinions, the "specific and legitimate" standard applies here. Second, the Court determines whether the ALJ's reason to reject the opinion meet the appropriate standard *and* substantial evidence supports the reason. *Trevizo*, 871 F.3d at 675. The language in *Revels* applies to this second step, and states that a nonexamining doctor's opinion is not, by itself, enough to justify rejection of an examining doctor's opinion. Here, however, the ALJ did not cite nonexamining doctors' opinions as a reason to discount Dr. Thompson's opinion, and thus plaintiff's reliance on *Revels* is misplaced.

Dr. Thompson opined that plaintiff's "ability [to] adapt to routine changes in a typical

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 9

work setting [was] likely to be impacted by reported depressed mood, increased anxiety, low frustration tolerance, difficulty getting along with others, anger, insomnia, and variable mood." Tr. 415. The ALJ gave Dr. Thompson's opinion "minimal weight" because she did not quantify the extent of plaintiff's "likely" limitation, and her findings were not fully consistent with the medical record. Tr. 30. The Court concludes that these reasons are specific and legitimate.

Dr. Thompson's opinion imposes a limitation, but does not explain how severe the limitation is. The Commissioner has ruled that "substantial loss of ability" to "deal with changes in a routine work setting" severely limits the potential occupational base. SSR 85-15 (1985). Dr. Thompson's opinion does not establish that plaintiff's "likely" limitation meets this threshold. Plaintiff argues that if the ALJ did not understand Dr. Thompson's opined limitation, she had a duty to develop the record. Dkt. 9 at 7. However, an ALJ's duty to further develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001). Here, the record before the ALJ, including years' worth of treatment records and several medical opinions, was neither ambiguous nor inadequate to allow for proper evaluation of the evidence. *See Bayliss*, 427 F.3d at 1217 (ALJ need not recontact doctor when the ALJ, with support in the record, found the evidence adequate to make a disability determination).

Inconsistency with the medical record also supports discounting Dr. Thompson's opinion. *See Morgan*, 169 F.3d at 602. Dr. Thompson described plaintiff as "leaning forward with his head down facing the ground" for the entire interview. Tr. 409, 411. This conflicts not only with other doctors' descriptions of plaintiff's presentation as mildly fidgety with good eye contact but also, interestingly, with plaintiff's own description of himself as hypervigilant. *See*,

*e.g.*, Tr. 627, 652; Tr. 222.[4]  Dr. Thompson's findings also do not reflect the reported depressed mood and anxiety on which her opinion was expressly based.  *See* Tr. 415, 411 (mood fine, affect consistent).

The Court concludes the ALJ did not err by discounting Dr. Thompson's opinion.

### 3. Nonexamining Doctors

As part of his argument that the ALJ erred in evaluating the medical evidence, plaintiff argues in somewhat cursory fashion that the ALJ erred by giving "significant weight" to the opinions of nonexamining doctors Eugene Kester, M.D., and John Robinson, Ph.D.

An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citing *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)).  Here, plaintiff argues the ALJ erred by *not* rejecting the nonexamining doctors' opinions, because those opinions were inconsistent with VA treatment notes, plaintiff's VA disability determination, and Dr. Thompson's opinion.  Dkt. 9 at 8.  As discussed above, the ALJ permissibly discounted each of those pieces of evidence.  Plaintiff also argues the opinions are inconsistent with his "fairly minimal" activities, without further explanation or analysis.  Dkt. 9 at 8.  A claim barely contended, unsupported by explanation or authority, may be deemed waived.  *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); *see also Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).  Moreover, as discussed above, activities such as flying to Disneyland for a week indicate that plaintiff's impairments are not as disabling as alleged.  The

---

[4] At the hearing plaintiff described himself as "[c]onstantly … on alert" and observing everything around him.  Tr. 67-68.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 11

Court concludes the ALJ did not err by accepting the opinions of the nonexamining doctors.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

DATED this 13 day of August 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE