UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN A. SCHIAFFINO,

        Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

Case No. C17-5541-RSM

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES,
COSTS AND EXPENSES PURSUANT
TO 28 U.S.C. § 2412

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff Martin A. Schiaffino's Motion for Attorney Fees, Costs and Expenses pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. #22. The Government does not oppose Plaintiff's request for costs and expenses but argues that Plaintiff is not entitled to EAJA fees. Dkt. #24. For the reasons set forth below, the Court finds that Plaintiff's motion for costs and expenses should be GRANTED and his motion for EAJA fees should be DENIED.

//

//

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES, COSTS AND EXPENSES PURSUANT TO 28 U.S.C. § 2412 - 1

## II.      BACKGROUND

On June 12, 2015, the Department of Veterans Affairs ("VA") determined that Plaintiff was unemployable due to disability.  Tr. 390.  On June 24, 2015, Plaintiff applied for Social Security disability benefits, alleging disability as of March 11, 2015.  Tr. 18.  Plaintiff's application was denied initially and on reconsideration.  Tr. 84, 95.  The Administrative Law Judge ("ALJ") conducted a hearing on May 11, 2016 and issued a decision finding Plaintiff not disabled for purposes of Social Security.  Tr. 18-33.

On August 13, 2018, this Court affirmed the Social Security Commissioner's final decision to deny Plaintiff's application for disability benefits and dismissed this case with prejudice.  Dkt. #14.  On appeal, the U.S. Court of Appeals for the Ninth Circuit reversed this Court's decision and remanded to the Commissioner for further proceedings.  Dkt. #20.  Plaintiff now applies for an award of attorney's fees, costs and expenses pursuant to EAJA.

## III.      DISCUSSION

### A.  Legal Standard

The EAJA provides for an award of attorney's fees to private litigants who prevail in civil actions (other than tort) against the United States and timely file a petition for fees.  28 U.S.C. § 2412(d)(2)(A).   Individuals successfully challenging a final decision of the Commissioner denying Social Security disability benefits are among those eligible for such awards.  *Sullivan v. Hudson*, 490 U.S. 877 (1989).   Under EAJA, the court must award attorney's fees to the prevailing party unless it finds the government's position was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

The Commissioner's position is deemed substantially justified if it meets the traditional standard of reasonableness, meaning it is "justified in substance or in the main, or to a degree

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES PURSUANT TO 28 U.S.C. § 2412 - 2

1
2
3
4
5
6
7
8

that could satisfy a reasonable person." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (citations and internal quotations omitted).  While the government's position need not be correct, it must have "'reasonable basis in law and fact.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)).  "The government bears the burden of demonstrating substantial justification." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (internal quotations omitted).  The decision to grant or deny EAJA fees lies within the discretion of the Court.  *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995).

9
10
11
12
13
14
15
16
17
18

In considering substantial justification, the Court first considers the underlying agency action, meaning the decision of the ALJ, and then considers the government's litigation position. *Meier*, 727 F.3d at 872. A holding that the agency's decision was unsupported by substantial evidence is "a strong indication that the 'position of the United States' . . . was not substantially justified.'"  *Id.* (quoting *Thangaraja*, 428 F.3d at 874).  Indeed, only in a "decidedly unusual case" will there be "substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874 (internal quotation omitted).

19
20
21
22
23
24
25
26
27
28

Where the government's underlying position was not substantially justified, the Court "need not address whether the government's litigation position was justified." *Meier*, 727 F.3d at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008)). In that situation, fees are awarded even if the litigation position of the government may have been justified. *Tobeler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014).  In considering substantial justification, the Court looks only to whether the "position on the . . . issues that led to remand was not substantially justified." *Id.* at 834-35 (quoting *Flores*, 49 F.3d at 564).

//

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES PURSUANT TO 28 U.S.C. § 2412 - 3

1

**B. Analysis**

2

3        Here, the Ninth Circuit found that the ALJ impermissibly discounted the opinion of

4 examining physician, Dr. Loreli Thompson, and erred by failing to clarify her ambiguous

5 opinion.  Dkt. #20 at 2-4.  The Ninth Circuit also found that the ALJ impermissibly rejected the

6 VA's determination that Plaintiff was disabled.  *Id.* at 4-6.  The Ninth Circuit otherwise affirmed

7 the decision of this Court and, upon concluding it was not clear benefits were warranted,

8 remanded for further proceedings.  *Id.* at 7.  The Commissioner opposes the request for EAJA

9 fees, maintaining substantial justification.  Dkt. #24 at 1-3.

10       This Court concludes that, despite the errors, the ALJ's decision and the Commissioner's

11 litigation position on these issues were substantially justified.  *See Campbell v. Astrue*, 736 F.3d

12 867, 869 (9th Cir. 2013) ("[T]his circuit has never stated that *every* time this court reverses and

13 remands the ALJ's decision for lack of substantial evidence the claimant should be awarded

14 attorney's fees.") (emphasis in original); *see also Flores*, 49 F.3d at 567 (while the EAJA creates

15 a presumption fees will be awarded to a prevailing party, an award of fees is not mandatory).

16

17             i.     Dr. Thompson's Opinion

18

19       Dr. Thompson opined that Plaintiff's "ability [to] adapt to routine changes in a typical

20 work setting [was] likely to be impacted by reported depressed mood, increased anxiety, low

21 frustration tolerance, difficulty getting along with others, anger, insomnia, and variable mood."

22 Tr. 415.  The ALJ gave Dr. Thompson's opinion "minimal weight" because she did not quantify

23 the extent of plaintiff's "likely" limitation, and her findings were not fully consistent with the

24 medical record. Tr. 30.

25

26       This Court previously found a reasonable basis for the ALJ to discount Dr. Thompson's

27 opinion.  *See* Dkt. #14 at 10.  It concluded that the ALJ's duty to further develop the record was

28

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES, COSTS AND EXPENSES PURSUANT TO 28 U.S.C. § 2412 - 4

not triggered here, given the "years' worth of treatment records and several medical opinions" that removed any ambiguity as to Plaintiff's limitations. Dkt. #14 at 10.  Likewise, it found that the ALJ reasonably concluded that Dr. Thompson's findings were inconsistent with the medical record, comparing Dr. Thompson's descriptions of Plaintiff "leaning forward with his head down facing the ground" with other doctors' descriptions of Plaintiff's "good" eye contact and Plaintiff's description of himself as hypervigilant.  *Id.* at 10-11.  The Court found that these observations from other doctors and Plaintiff did not reflect the reported depressed mood and anxiety upon which Dr. Thompson "expressly based" her opinion.  *Id.* at 11.

While a district court's findings alone do not warrant a denial of EAJA fees, they are "properly considered in addressing substantial justification."  *Wheatley v. Berryhill*, No. C15-0059-MAT, 2018 WL 2193131, at *4 (W.D. Wash. May 14, 2018), *appeal dismissed*, No. 18-35501, 2018 WL 6579351 (9th Cir. Oct. 24, 2018); *see also Meier*, 727 F.3d at 873 (court may consider the Commissioner's success at the district court level); *Lewis*, 281 F.3d at 1084 (same); *Burke v. Colvin*, No. C13-05548-BHS, 2016 WL 5846615, at *1, 2016 U.S. Dist. LEXIS 142839 at *4 (W.D. Wash. Sep. 20, 2016) ("If disagreement among reviewing courts regarding the weight of the evidence in the record is insufficient to support a finding of a substantially justified defense, then it seems that there could never be substantial justification for a defense of any error requiring remand."), *aff'd sub nom. Burke v. Berryhill*, No. 16-35764, 714 Fed. Appx. 753, 754 (9th Cir. 2018) ("The district court did not improperly reconsider the merits of Burke's disability claim.  It properly focused on the nature and scope of our remand to determine whether both the government's litigation position and ALJ's position had a reasonable basis in fact and law.").  Here, this Court's conclusion that the ALJ provided specific and legitimate reasons for

1    discounting Dr. Thompson's opinion supports a finding of substantial justification.  *See* Dkt. #14

2    at 10.

3          As Plaintiff correctly argues, this Court's previous analysis is not dispositive.  Dkt. #25

4    at 5.  Nevertheless, the nature and scope of the Ninth Circuit's remand on this issue further

5    demonstrate that the Government's underlying and litigation positions were substantially

6    justified.  In finding that the ALJ's assessment of Dr. Thompson's opinion failed to comport with

7    the record, the Ninth Circuit highlighted medical records documenting that Plaintiff "often had a

8    'tense' affect, and had 'minimal eye contact' with the doctor during multiple visits but sometimes

9    had 'good' eye contact."  *Id.* at 2-3.  The Ninth Circuit likewise concluded that the ALJ erred in

10   dismissing Dr. Thompson's opinion rather than giving her the opportunity to clarify her opinion.

11   *Id.* at 3-4 ("An ALJ has a duty to develop the record further 'when there is ambiguous evidence

12   or when the record is inadequate to allow for proper evaluation of the evidence.'" (quoting *Mayes*

13   *v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001)).  In effect, while the Ninth Circuit found

14   the overall record ambiguous as to Plaintiff's limitations, this Court found it "neither ambiguous

15   nor inadequate to allow for proper evaluation of the evidence." Dkt. #14 at 10.

16         The Court finds that the Ninth Circuit's remand to clarify Dr. Thompson's opinion

17   addressed the weight of the evidence more than a procedural defect or violation of rule or law.

18   *See* Dkt. #20 at 6. ("The ALJ's assessment of Schiaffino's residual functional capacity ("RFC")

19   may well change once Dr. Thompson's opinion is clarified and given due consideration . . . .").

20   For this reason, the Court finds the Government's position on this issue substantially justified at

21   each stage of the proceedings.  *See Putz v. Astrue*, No. C08-5290RBL, 2010 WL 3665025, at *1

22   (W.D. Wash. Sept. 15, 2010) (Denying EAJA fees where "no procedural defect, no violation of

23   rule or law, but rather a fair dispute about the weight to be given evidence which is not disputed").

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES, COSTS AND EXPENSES PURSUANT TO 28 U.S.C. § 2412 - 6

1

2

ii.    The VA's Disability Determination

3       The VA determined that Plaintiff was entitled to "individual employability" based on his

4 post-traumatic stress disorder and obsessive-compulsive disorder symptoms.  Tr. 391-92.  The

5 ALJ gave the VA's determination "little weight" on the basis that (1) VA regulations, unlike

6 Social Security regulations, resolve reasonable doubt in a claimant's favor; and (2) the ALJ

7 independently weighed the evidence and reached a different conclusion from the VA doctors.

8 Tr. 29.  This Court rejected the ALJ's first reason but concluded that the ALJ's independent

9 review of the evidence constituted a "persuasive, specific, valid reason" to discount the VA's

10 determination.  Dkt. #14 at 7-8.  The Ninth Circuit reversed on the basis that the ALJ's reasons

11 for discounting the VA disability rating were not supported by the record.  Dkt. #20 at 4-6.

12       Like its assessment of Dr. Thompson's opinion, this Court previously found a reasonable

13 basis for the ALJ's decision to discount the VA's determination.  Specifically, it found persuasive

14 the fact that the VA's determination failed to "expressly identify a medical opinion on which it

15 relied" and cited only a "VA exam" and treatment notes dated May 18, 2015.  Dkt. #14 at 8.  It

16 likewise found reasonable the ALJ's analysis of the May 19, 2015 treatment notes, wherein the

17 ALJ concluded that the notes failed to support a finding of disability for purposes of Social

18 Security.  Dkt. #14 at 8 (quoting ALJ's summary of VA's treatment notes).  These conclusions

19 support a finding of substantial justification.  *Meier*, 727 F.3d at 873.

20

21       Moreover, as with Dr. Thompson's opinion, the Court finds that the nature and scope of

22 the Ninth Circuit's remand on this issue indicate that the Government's underlying and litigation

23 positions were substantially justified.  The Ninth Circuit determined that the ALJ erred in finding

24 that Plaintiff's medical record was "inconsistent with disabling mental health limitations" based

25 on Plaintiff's lack of hospitalization history and number of therapy visits.  Dkt. #20 at 4-5.  It

26

27

28

likewise found that the ALJ erred in viewing Plaintiff's activities as inconsistent with social and cognitive functioning "limited to the extent that all work would be prohibited," on the basis that Plaintiff's activities cited by the ALJ such as daily running, four-wheeling, and a family trip to Disneyland, did not show capacities transferable to a work setting.  *Id.* at 5-6.  This Court, in contrast, viewed Plaintiff's trip to Disneyland as "demonstrating that he is able to handle large crowds of people with the assistance of medication."  Dkt. #14 at 5.

Again, the Court finds that the Ninth Circuit's remand on this issue addressed the weight of the evidence rather than a procedural defect or violation of rule or law.  *See* Dkt. #20 at 6 ("The ALJ's assessment of Schiaffino's residual functional capacity ("RFC") may well change once . . . the VA's disability determination is given proper weight.").  *See Putz*, 2010 WL 3665025, at *1 (Denying EAJA fees where "fair dispute about the weight to be given evidence which is not disputed").  Accordingly, the Court finds the Government's underlying and litigation positions on this issue substantially justified.

For these reasons, the Court finds both the underlying and litigation positions of the Commissioner in this case substantially justified.  Denial of Plaintiff's request for EAJA fees is therefore warranted.

## C. Costs and Expenses

Plaintiff also requests costs in the sum of $1,252.40, and expenses in the sum of $111.29.  Dkt. #22 at 1.  He has provided a declaration supporting these costs and expenses.  Dkt. #22-3 at 2.  The Government does not oppose this request.  Dkt. #24 at 7.  Plaintiff is entitled to these amounts pursuant to 28 U.S.C. § 1920.  The Court accordingly GRANTS Plaintiff's request for costs and expenses.

//

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES PURSUANT TO 28 U.S.C. § 2412 - 8

#### IV.    CONCLUSION

For the reasons set forth above, Plaintiff's motion, Dkt. #22, is GRANTED in part and DENIED in part.  Because the Commissioner establishes substantial justification, Plaintiff is not entitled to EAJA fees. Plaintiff is entitled to costs pursuant to 28 U.S.C. § 1920, and is hereby awarded the $1,252.40 in costs and $111.29 in expenses requested. The Clerk shall send copies of this Order to the parties.


DATED this 12th day of August, 2020.



RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES PURSUANT TO 28 U.S.C. § 2412 - 9